UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PNC EQUIPMENT FINANCE, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 20-cv-06773 |
| | ) | |
| | ) | Honorable Matthew F. Kennelly |
| FLASH LIMOUSINE, INC., and | ) | |
| KAYA ARMAGAN, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S MEMORANDUM OF LAW
IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Now Comes Plaintiff PNC Equipment Finance, LLC ("PNCEF"), by and through counsel, and for its Memorandum of Law in Support of Motion for Summary Judgment against Flash Limousine, Inc. ("Flash") and Kaya Armagan ("Armagan"), pursuant to Federal Rule of Civil Procedure 56, states as follows:

**BACKGROUND**

This matter involves the breach of an equipment finance agreement entered between PNCEF and Flash, and personally guaranteed by Armagan. On March 23, 2017, PNCEF, as lender, and Flash, as borrower, entered into a Master Loan & Security Agreement (the "Master Agreement"), wherein PNCEF agreed to finance Flash's acquisition of equipment subject to and upon the terms and conditions set forth in the Master Agreement and any subsequently executed notes. See Statement of Facts ("SOF"), ¶ 6. Also, on March 23, 2017, Flash executed an Equipment Line of Credit Note wherein Flash agreed to pay PNCEF the principal amount of $200,000.00 or such lesser amount as may be advanced by PNCEF for the benefit of Flash, and PNCEF agreed to finance Flash's acquisition of equipment (the "LOC Note"). SOF, ¶ 7.

On March 27, 2017, PNCEF made an advance in the amount of $191,310.00 (the "Advance") to Flash for the acquisition of certain equipment: (1) 2017 Freightliner M2 106 Truck Tractor, VIN: 3ALACXDT1HDJF0663 (the "Collateral") in accordance with the LOC Note. SOF, ¶ 8. On February 28, 2018, Flash executed a Notice of Conversion wherein the then outstanding principal amount of the Advance made under the LOC Note converted to a term note payable as set forth in the Notice of Conversion and subject to the terms and conditions of the Master Agreement and LOC Note. The Master Agreement, LOC Note and Notice of Conversion are collectively referred to as the "Loan." SOF, ¶ 9.

Pursuant to the Loan, Flash agreed to make sixty (60) consecutive monthly payments in the amount of $3,695.89, commencing March 28, 2018, and continuing on the same day of each month thereafter. SOF, ¶ 10. In accordance with the Master Agreement, Flash granted PNCEF a first priority security interest in the Collateral. SOF, ¶ 11. PNCEF perfected its security interest in the Collateral by recording its lien as First Lienholder on the Certificate of Title for the Collateral. SOF, ¶ 12. To induce PNCEF to enter into the Loan, Armagan executed a Guaranty Agreement (the "Guaranty") wherein Armagan guaranteed the full and prompt payment and performance of all of Flash's obligations to PNCEF. SOF, ¶ 13.

Flash failed to make the payment due under the terms of the Loan on February 28, 2020. SOF, ¶ 14. Due to the Covid19 health crisis, and as an accommodation to Flash, PNCEF granted Flash a ninety (90) day deferral on the payments due April 2020, May 2020, and June 2020 (the "Deferral"). The deferred payments were moved to the end of the loan term and Flash was to resume making payments on July 28, 2020. SOF, ¶ 15.

Flash defaulted under the terms of the Loan by failing to make the payment due July 28, 2020 and all payments due thereafter. SOF, ¶ 16. As a result of the payment default, PNCEF is

entitled to recover the accelerated balance remaining due under the Loan, which equals $125,457.55. SOF, ¶¶ 17-18. PNCEF is also entitled to prejudgment interest the rate of 8.97% from the date of default of July 28, 2020 to April 30, 2021, which equals $8,540.36 as of April 30, 2021 plus $30.83 per day until entry of judgment. SOF, ¶ 19. PNCEF is further entitled to attorneys' fees and costs. SOF, ¶ 20.

Flash has failed and refused to make payment due and owing under the Loan despite demand. SOF, ¶ 21. Armagan has failed and refused to make payment due and owing under his Guaranty of the Loan despite demand. SOF, ¶ 22. PNCEF has fully performed its obligations under the Loan. SOF, ¶ 23.

As a result of Flash's default under the Loan, PNCEF is entitled to exercise its right to take possession of the Collateral, to wit: of one (1) 2017 Freightliner M2 106 Truck Tractor, VIN: 3ALACXDT1HDJF0663. SOF, ¶ 25. PNCEF has been unable to secure the Collateral by peaceful means. SOF, ¶ 26. Flash is wrongfully and unlawfully detaining the Collateral from PNCEF. SOF, ¶ 27. The Collateral has not been taken for any tax, assessment, or fine levied by virtue of any law of this State, against the property of such plaintiff, or against him or her individually, nor seized under any lawful process against the goods and chattels of such plaintiff subject to such lawful process, nor held by virtue of an order of replevin against such a plaintiff. SOF, ¶ 28.

PNCEF has made demand upon Flash for the return of the Collateral, but Flash has failed and refused to return same. SOF, ¶ 29. PNCEF will suffer irreparable damages if the Collateral is not returned to PNCEF. SOF, ¶ 30. PNCEF estimates the value of the Collateral at $124,000.00, depending on condition. SOF, ¶ 31. Upon information and belief, the Collateral is located at 5320 W. Lawrence Ave., Chicago, IL 60630. SOF, ¶ 32.

3

Due to the payment default, PNCEF is entitled to summary judgment in its favor and against Flash and Armagan, jointly and severally, in the amount of $133,997.91. PNCEF is further entitled to attorneys' fees of $10,636.00 and costs of $612.63 incurred in enforcing its rights and pursuing judgment against Flash and Armagan. SOF, ¶ 34. PNCEF is further entitled to possession of the Collateral.

Flash and Armagan do not dispute their obligation to make payment to PNCEF, and do not contend that they have made payment to PNCEF as required by the Loan and Guaranty. The affirmative defenses raised by Flash and Armagan do not preclude entry of the relief requested by PNCEF. There are no genuine issues of material fact and PNCEF is entitled to summary judgment as a matter of law.

## ARGUMENT

### A. Standard of Review

Summary judgment is appropriate where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c) (West 2021); see also Lui v. T & H Machine, Inc., 191 F.3d 790, 794 (7th Cir. 1999). The non-moving party may not rest only upon the allegations set forth in the pleadings, but most come forward with specific facts sufficient to raise a genuine issue for trial. Liu at 795. Once a motion for summary judgment has been filed, the burden shifts to the non-moving party to show through specific evidence that a triable issue of fact remains on issues which the non-movant bears the burden of proof at trial. Liu at 796. A genuine issue of material fact does not exist unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Id.

### B. PNCEF has been damaged as a result of Flash's failure to make payment under the Loan.

The Defendants are citizens of the State of Illinois. The Loan is further governed by

Illinois law. SOF, ¶ 7, Exhibit 2, ¶ 17 thereto. Under Illinois law, a cause of action for breach of contract requires evidence of: (1) the existence of a contract; (2) performance of all conditions to be performed by plaintiff; (3) breach by the defendant; and (4) damages to the plaintiff as a consequence thereof. Schubert v. Federal Exp. Corp., 306 Ill. App.3d 1056, 1059, 715 N.E.2d 659 (Ill. App. Ct. 1999).

The elements are easily satisfied in the present matter. Flash acknowledges entering into the Loan. SOF, ¶¶ 6-9. Flash cannot contend that it has made all payments as required under the Loan. Flash has not made any payments in over one year. The Declaration of Chris Wilms establishes that Flash did not make payment in February 2020, and following an agreed Covid-related deferral of payments for 3 months, Flash is in default under the Loan for failing to make the full payment due July 28, 2020.

PNCEF has fully performed its obligations under the Loan. The Loan provides that, upon payment default, PNCEF is entitled to recover the outstanding principal balance and accrued interest together with any additional amounts payable under the Loan. The Declaration of Chris Wilms establishes that PNCEF is entitled pursuant to the Loan to payment of the accelerated balance remaining of $125,457.55, plus prejudgment interest of $8,540.36, and attorneys' fees and costs. PNCEF is further entitled to attorneys' fees and costs of $11,248.63 incurred in the above-referenced matter. PNCEF is therefore entitled to summary judgment against Flash for the total amount of $145,246.54.

    C.    *Armagan is liable to PNCEF under the Guaranty*

Armagan admits executing his personal guaranty of Flash's obligations under the Loan. SOF, ¶ 13. The Guaranty provides that:

> The Guarantor hereby unconditionally guarantees, as a primary obligor, and not as a surety for, (i) the prompt payment and performance of the Obligations and (ii) the prompt

> payment of all costs and expenses of PNCEF (including reasonable attorneys' fees and expenses) incurred in the documentation, negotiation, modification, enforcement, collection, and otherwise in connection with the Obligations.

*See* SOF, ¶ 13, and Guaranty, ¶ 1(a), attached thereto. The Declaration of Chris Wilms establishes that Armagan has failed to make payment to PNCEF despite demand. Pursuant to the Guaranty, Armagan is indebted to PNCEF under the Loan for the amount set forth herein. There are no genuine issues of material fact and PNCEF is entitled to summary judgment as a matter of law as to Counts I and IV of the Complaint.

### D. *PNCEF is entitled to possession of the Collateral.*

The Illinois replevin statute is made applicable herein by Federal Rule of Civil Procedure 64. See Fed. R. Civ. P. 64 (West 2021); 735 ILCS 5/19-101, *et seq*. (West 2021). "Replevin is a possessory action and the plaintiff must recover, if at all, on the strength of his own title or his right to immediate possession." Hanaman v. Davis, 20 Ill.App.2d 111, 115, 155 N.E.2d 344 (Ill.App.Ct. 1959). A plaintiff is entitled to a replevin order if it establishes by a preponderance of the evidence that: (1) it is lawfully entitled to the possession of the collateral; (2) the defendant is wrongfully detaining the collateral; (3) it has made demand upon the defendant for the return of the collateral; and (4) the collateral has not been taken for any tax, assessment, or fine levied by virtue of any law of the State of Illinois, against the property of plaintiff, nor seized under any lawful process against the goods and chattels of the plaintiff subject to such lawful process, nor held by virtue of any order for replevin against such plaintiff. See 735 ILCS 5/19-104 (West 2021); see also First Illini Bank v. Wiltek Industries, Inc., 261 Ill.App.3d 969, 634 N.E.2d 762, 199 Ill.Dec. 709 (Ill.App.Ct. 1994).

As set forth in the Loan, PNCEF has a first priority security interest in the Collateral. PNCEF perfected its security interest by recording its lien on the Certificate of Title for the

Collateral. The Loan provides that, upon payment default, PNCEF is entitled to possession of the Collateral. See SOF, ¶ 7, and Exhibit 2, ¶ 12, thereto. PNCEF is therefore lawfully entitled to possession of the Collateral. The Collateral has not been taken for any tax, assessment, or fine levied by virtue of any law of the State of Illinois, against the property of plaintiff, nor seized under any lawful process against the goods and chattels of the plaintiff subject to such lawful process, nor held by virtue of any order for replevin against such plaintiff. Flash and Armagan have refused to surrender the Collateral despite demand, and despite their failure to make payment as required by the Loan. SOF, ¶ 29. PNCEF will suffer irreparable damages if the Collateral is not returned.

PNCEF has established its right to possession of the Collateral. There are no genuine issues of fact and PNCEF is entitled to entry of an order of replevin as a matter of law directing the U.S. Marshal, or any other designated officer, to take possession and surrender the Collateral to PNCEF.

### E. PNCEF is entitled to an Order of Detinue.

PNCEF further filed a claim for detinue. The elements of a detinue claim are: (1) the defendant is wrongfully in possession of personal property belonging to the plaintiff; and (2) the plaintiff's right to possession is superior to that of the defendant. L & LC Trucking Co. v. Jack Freeman Trucking Co., 343 N.E.2d 716, 717 (Ill. App. Ct. 1976).

As stated, PNCEF has a first priority security interest in the Collateral. PNCEF's right to possession of the Collateral is superior to that of Flash and Armagan as a result of the payment default. Flash and Armagan refuse to surrender the Collateral despite demand. Flash and Armagan continue to possess the Collateral despite failing to make the payment due July 28, 2020, and all payments due thereafter under the Loan. Flash's and Armagan's continued

possession of the Collateral despite their failure to make payment for such a significant period of time is wrongful. PNCEF is therefore entitled to entry of an order of detinue.

### F. Affirmative defenses asserted by Flash and Armagan do not preclude entry of summary judgment.

Flash and Armagan raised several affirmative defenses in the present matter. "The burden of proving an affirmative defense is on the one asserting it." See Baylor v. Thiess, 2 Ill. App. 3d 582, 584, 277 N.E.2d 154, 155 (2d Dist. 1971); see also Brunswick Leasing Corp. v. Wis. Cent., Ltd., 136 F.3d 521, 530 (7th Cir. 1998) (an affirmative defense is any assertion where a defendant bears the burden of proof that, if true, would defeat plaintiff's claim, even if all plaintiff allegations were presumed correct). Flash and Armagan have not presented any evidence in support of their affirmative defenses which would preclude entry of summary judgment in favor of PNCEF. Several of the affirmative defenses relate to the Defendants' payment obligations. As stated, Flash and Armagan cannot contend that they have made all payments as required. Flash and Armagan have made no payments since the expiration of the agreed Covid deferral.

Flash and Armagan also contend that PNCEF did not properly demand surrender of the Collateral. PNCEF denies that demand is lacking in this matter. PNCEF did not previously file a motion for recovery of the Collateral. PNCEF's Complaint clearly demands possession of the Collateral, as it includes replevin and detinue claims. PNCEF also sent a demand letter on January 25, 2021 to cure any purported deficiencies with the replevin demand. See Firestone Fin. Corp. v. King Amusements, Inc., 12 C 04519, 2013 WL 1286665, at *8, FN 4 (N.D. Ill. Mar. 28, 2013) (district court states in footnote that nothing prevents plaintiff from making replevin demand after litigation commenced). Flash and Armagan cannot contend that they lack adequate notice of PNCEF's desire to recover its Collateral.

Flash and Armagan have further raised defenses relating to their difficulties operating during the pandemic, including frustration of purpose, impossibility of performance and impracticability of purpose. PNCEF is sympathetic to the Defendants' circumstances and made a good faith effort to resolve this matter. The Loan includes no provision allowing the Defendants to avoid making payment due to changes in their economic circumstances. The Loan makes clear that upon default, PNCEF may recover and all amounts which may be then due and payable under the Loan and all payments remaining through the end of the term, plus prejudgment interest, attorneys' fees and costs, and possession of the Collateral. SOF, ¶¶ 17 and 25. The Court should enforce the Loan as written and enter summary judgment in favor of PNCEF. See Dean Management, Inc. v. TBS Construction, Inc., 339 Ill.App.3d 263, 790 N.E.2d 934, 940 (Ill. App. Ct. 2003)(Illinois courts enforce the plain and ordinary meaning of contract terms). There are no genuine issues of material fact and PNCEF is entitled to summary judgment as a matter of law.

WHEREFORE, PNC Equipment Finance, LLC respectfully requests that this Court enter summary judgment in its favor and against Flash Limousine, Inc. and Kaya Armagan, jointly and severally, as follows:

    a.       Awarding judgment for $133,997.91;

    b.       Awarding attorneys' fees of $10,636.00 and costs of $612.63;

    c.       For a total judgment of $145,246.54 in favor of PNCEF and against Flash Limousine, Inc. and Kaya Armagan, jointly and severally;

    d.       Directing the US Marshal, or any other designated officer, to use all necessary force to repossess the Collateral, to wit: One (1) 2017 Freightliner M2 106 Truck Tractor, VIN: 3ALACXDT1HDJF0663, or any portion thereof, from Flash Limousine, Inc. and Kaya Armagan

located at 5320 W. Lawrence Ave., Chicago, IL 60630, or wherever it may be found, and enter judgment against Flash Limousine, Inc. and Kaya Armagan for the value of any Collateral not so returned;

  e. Directing Flash Limousine, Inc. and Kaya Armagan to surrender the Collateral to PNCEF at a place and time directed by PNCEF within fourteen (14) days of this Court's entry of judgment; and

  f. Granting such other and further relief as this Court deems just.

            PNC EQUIPMENT FINANCE, LLC,

          By: /s/ C. Randall Woolley
            Alex Darcy
            C. Randall Woolley
            ASKOUNIS & DARCY, PC
            444 North Michigan Avenue, Suite 3270
            Chicago, Illinois 60611
            (312) 784-2400 (t)
            (312) 784-2410 (f)
            adarcy@askounisdarcy.com
            rwoolley@askounisdarcy.com